**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**AT HUNTINGTON**


**EDWARD TRUITT,**

                                      **Civil Action No. 3:23-cv-519**

      **Plaintiff,**

**v.**

**PANAKEIA, LLC**

      **Defendant.**


## AMENDED COMPLAINT

This is a diversity action under West Virginia law to make whole and compensate the Plaintiff, Edward Truitt, for the unlawful race discrimination of the Defendant, Panakeia, LLC under the common law of West Virginia.

### PARTIES

1. Plaintiff, Edward Truitt, is and, at all times alleged, was a citizen and resident of Huntington, West Virginia.

2. Defendant, Panakeia, LLC, is licensed to do business in the State of West Virginia with its principal office in Naples, Florida. Defendant provides medical equipment.

3. Defendant operates a location in Cabell County, West Virginia where it employed Plaintiff.

4. At all times alleged, Defendant acted through its agents, employees, supervisors, directors, officers and assigns and within the full scope of agency, office, employment, or assignment.

1

**JURISDICTION AND VENUE**

5. This Court has jurisdiction over this civil action under Article III, §2 of the United States Constitution and 28 U.S.C. §1332(a)(1) diversity jurisdiction because the parties are citizens of different states and Plaintiff alleges the amount in controversy exceeds the sum of $75,000.

6. Venue is appropriate in this case under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to this claim occurred in Cabell County, West Virginia which is in the Southern District of West Virginia.

**ALLEGATIONS OF FACT**

7. Mr. Truitt is a Black American.

8. In early 2023, the Defendant hired Mr. Truitt as a driver tech to deliver medical equipment to its customers.

9. Mr. Truitt earned $18.30/hr. and his performance met the reasonable expectations of Defendant at all times.

10. At the time of his hire, Mr. Truitt was one of the Defendant's only two Black employees, and the Defendant's only Black driver.

11. While making deliveries to the Defendant's service area, Mr. Truitt would mostly encounter Caucasian customers.

12. Given the comment of at least one of the Defendant's Caucasian customers (who told him folks in his area had likely never seen a Black person), Mr. Truitt alleges that many of Defendant's customers seldom, if ever, interacted with people of other races in their communities.

13. On information and belief, Mr. Truitt was the Defendant's only Black employee who made

2

deliveries to the predominantly, Caucasian customers of Defendant.

14. On information and belief, one or more Caucasian customer(s) of Defendant expressed unease having Mr. Truitt to provide deliveries to them based on his race.

15. On or about August 1, 2023, the Defendant abruptly terminated Mr. Truitt, and gave absolutely no reason for the same.

16. On information and belief, the true reason for Defendant's termination of Mr. Truitt resulted from his race and its improper, odious, and unlawful concession to a Caucasian customer not to have Mr. Truitt make deliveries to the customer again.

17. The Defendant immediately replaced Mr. Truitt with a Caucasian employee.

18. At all times during his employment, Mr. Truitt never received any criticism about his work performance.

19. Mr. Truitt, however, states that the Defendant repeatedly raised concerns about the performance of another Caucasian driver, who still continues in his employment.

20. As a result of Defendant's above actions and treatment, Mr. Truitt has suffered loss of income and emotional harm, and seeks damages in excess of the jurisdictional amount of $75,000.

### COUNT I: COMMON LAW *HARLESS* CLAIM FOR RACIAL DISCRIMINATION IN EMPLOYMENT

21. Mr. Truitt incorporates the previous paragraphs as if set forth herein.

22. West Virginia Code § 5-11-2 of our West Virginia Human Rights Act provides "[i]t is the public policy of the state of West Virginia to provide all of its citizens equal opportunity in the sale, purchase, lease, rental and financing of housing accommodations or real property. Equal opportunity in the areas of employment and public accommodations is hereby declared to be a human right or civil right of all persons without regard to race,

3

religion, color, national origin, ancestry, sex, age, blindness or handicap. . . ."

23. West Virginia Human Rights Act § 5-11-9(1) further makes it an unlawful discriminatory practice "for any employer to discriminate against an individual with respect to compensation, hire, tenure, terms, conditions or privileges of employment."

24. The West Virginia Human Rights Act establishes a clear public policy prohibiting discrimination against an employee based on race.

25. Termination of an employee, such as Mr. Truitt, by the Defendant jeopardizes the aforementioned public policy.

26. As alleged, the Plaintiff's termination was motivated by conducted related to the public policy.

27. The Defendant lacked overriding legitimate business justification for the dismissal.

28. On information and belief, employees who are not Black did not suffer adverse actions by the Defendant, and the Defendant has retained similarly-situated Caucasian employees to Mr. Truitt whose performance is less than satisfactory or cause for adverse employment action.

29. Plaintiff did not consent to, encourage or welcome unfavorable treatment based on his race.

30. The Plaintiff's race is and was a motivating factor in the Defendant's termination of him and its failure to provide him with a work environment free from discrimination.

31. Defendant's termination of Mr. Truitt because of his race was done with malice and with reckless indifference to his rights and his emotional and physical well-being.

32. As a direct and proximate result of Defendant's termination of him, Mr. Truitt has suffered and continues to suffer substantial damages. Wherefore, he requests relief as provided in the prayer.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests judgment as follows:

Grant Plaintiff actual damages for lost wages, front pay, back pay, fringe benefits and other actual damages according to the evidence and as determined by a jury;

Grant Plaintiff general and compensatory damages for annoyance, inconvenience, embarrassment, humiliation and emotional distress suffered by Plaintiff as a direct and/or proximate result of Defendant's conduct;

Grant Plaintiff punitive damages in an amount to be determined by a jury and sufficient to deter future improper conduct and to punish the Defendant for its reckless and willful actions;

Prejudgment and post-judgment interest on all amounts allowed by law;

All costs incurred in pursuing this action;

Attorney fees; and

Such other relief as this Court deems fair and proper in the interest of justice.

**PLAINTIFF REQUESTS A TRIAL BY JURY ON ALL ISSUES.**

> **PLAINTIFF, EDWARD TRUITT**
> By Counsel,

s/Hoyt Glazer
Hoyt Glazer, Esq. (WV Bar No. 6479)
GLAZER SAAD ANDERSON L.C.
320 Ninth Street, Suite B
Huntington, WV 25701
T. 304 522-4149
hoyt@gsalaw-wv.com

## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
### AT HUNTINGTON

**EDWARD TRUITT,**

          **Plaintiff,**

**v.**

**PANAKEIA, LLC**

          **Defendant.**

          **Civil Action No.  3:23-cv-519**

### CERTIFICATE OF SERVICE

I, Hoyt Glazer, certify that I uploaded the attached  Amended Complaint to the CM/ECF system on September 15, 2023, which will provide notice to the following registered counsel in this case:

> Michael Dru Frazier
> Frazier & Oxley, L.C.
> P.O. Box 2808
> Huntington, W.V.

s/Hoyt Glazer
Hoyt Glazer

6